UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ASTON DEVON BROWN,

       Plaintiff,

v.                                                                                  Case No. 18-C-902

MILWAUKEE COUNTY,

       Defendant.

## SCREENING ORDER

Plaintiff Aston Brown, who is currently incarcerated at the Oneida County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The plaintiff is required to pay the $400.00 filing fee for this action, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. In that case, the prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 statutory filing fee but not the $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $32.06. The plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that Judge Christopher Dee of Milwaukee County violated his constitutional right to a speedy trial during the fall of 2017. According to Plaintiff, a 90-day deadline for his trial began to run on June 5, 2017. During a jury trial scheduled for September 5, 2017, Plaintiff alleges that he asserted that the 90-day deadline for holding his trial had expired 48 hours earlier, but Judge

Dee allegedly stated that the 90 days had not expired because weekends did not count toward the 90-day total. Plaintiff alleges that Judge Dee ignored him when he claimed that nothing under Wisconsin's speedy trial law said that weekends do not count toward the 90-day limit. He further alleges that Judge Dee rescheduled the trial for a later date despite the 90-day limit elapsing. Plaintiff seeks damages for violations of his right to a speedy trial, as well as for being held in what he alleges was unlawful custody by Milwaukee County.

## THE COURT'S ANALYSIS

A plaintiff may prevail on a claim for relief under 42 U.S.C. § 1983 by showing that he was (1) deprived of a federal right (2) by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A municipality may not be held liable under § 1983 based on a theory of respondeat superior or vicarious liability," meaning a "municipality only may be held liable under § 1983 for constitutional violations caused by the municipality itself through its own policy or custom." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007) (citing *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978)). The complaint names only Milwaukee County as a defendant, so the unavailability of respondeat superior liability under § 1983 means that the complaint fails to state a claim to the extent it seeks damages from the County for Judge Dee's actions. Although Plaintiff also asserts a claim directly against the County for allegedly detaining him unlawfully, such a claim arises out of Judge Dee's alleged error in counting Plaintiff's time in custody for speedy trial purposes—rather than out of a particular practice or policy of the County—and therefore fails to state a claim against the County in the manner permitted by *Monell*. Plaintiff's claims against the County will therefore be dismissed.

Normally, where a plaintiff representing himself names only the County as a defendant rather than individuals who allegedly violated his rights, it would be appropriate to dismiss the complaint but grant the plaintiff leave to amend. Here, however, Judge Dee is the only individual who Plaintiff alleges took any action that violated his rights. Because Judge Dee is absolutely immune from a suit for money damages based on actions taken in his judicial capacity, any claim against him for alleged violations of Plaintiff's speedy trial rights would necessarily fail. *See Myrick v. Greenwood*, 856 F.3d 487, 488 (7th Cir. 2017) (per curiam) ("[J]udges are absolutely immune from awards of damages for acts taken in a judicial capacity, whether or not the judges erred in conducting the litigation." (first citing *Mireles v. Waco*, 502 U.S. 9 (1991); then citing *Stump v. Sparkman*, 435 U.S. 349 (1978)). Plaintiff's complaint will therefore be dismissed in its entirety because he has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $317.94 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding

4

month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Green Bay, Wisconsin this 16th day of July, 2018.

                                            s/ William C. Griesbach
                                            William C. Griesbach, Chief Judge
                                            United States District Court

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.